IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**EVERETT SANDERS**                                                                       **PLAINTIFF**

v.                                                   **CIVIL ACTION NO. 5:17-cv-99-DCB-MTP**

**CITY OF NATCHEZ, MS, ET AL.**                                                **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motions to Extend Deadlines [28] [29], Defendants' Motion to Compel [31], and Plaintiff's Motion to Compel [33].

**Plaintiff's Motions to Extend Deadlines [28] [29]**

On February 11, 2018, the Court entered a Case Management Order [11], which set a discovery deadline of September 3, 2018, and a motions deadline of September 17, 2018. On August 21, 2018, Plaintiff filed his Amended Motion to Extend Deadlines [29], requesting that the Court extend the discovery and motions deadlines.[1]

On August 28, 2018, the Court conducted a telephonic conference with the parties to discuss, *inter alia*, the pending Motions [28] [29]. The parties informed the Court that they had been unable to reach an agreement regarding the scheduling of depositions and that none of the parties had been deposed. Following the conference, the Court directed the parties to confer and schedule depositions in order that all depositions will be completed on or before September 28,

---

[1] In his original Motion to Extend Deadlines [28], Plaintiff also requested extensions of the expert designation deadlines. Plaintiff, however, explained during a conference with the Court that he is not seeking extensions of those deadlines, and in the Amended Motion [29], Plaintiff does not request such extensions.

2018. *See* Order [30]. Thereafter, the parties noticed depositions for September 17, 24, and 26. *See* Notices [37] [38] [39] [40] [41] [42].[2]

On September 11, 2018, however, the parties filed a Joint Report [43] stating that after the parties scheduled depositions for September 17, 24, and 26, Plaintiff's counsel determined that she has a conflict on September 24 and now wishes to postpone the depositions scheduled for that day (Plaintiff and Defendant Davis) to either October 1 or October 3.

Having considered the parties' submissions and the record and having conferred with the parties, the Court finds that extensions of the discovery and motions deadlines should be granted. However, considering the low priority given to this case during the discovery period set forth in the Case Management Order [11] and the fact that a lengthy extension would likely require a continuance of the trial, the Court will not extend the discovery deadline past September 26, 2018.[3]

    Accordingly, the Court orders as follows:

    The depositions previously noticed by the parties, including the depositions of Plaintiff and Defendant Davis scheduled for September 24, 2018, shall proceed as set forth in Notices [37] [42]. The parties and their counsel shall make whatever arrangements are necessary to complete the depositions as noticed.

    The discovery deadline is extended to September 26, 2018, and the deadline for motions (other than motions *in limine* or discovery motions) is extended to October 10, 2018.

    The parties should note that they have received the maximum time extensions possible for this trial calendar and should proceed accordingly.

---

[2] Plaintiff noticed the following depositions: Defendant Sarah Carter-Smith on September 17, 2018; Defendant Benjamin Davis on September 24, 2018; Defendant Dan Dillard on September 26, 2018; Defendant Darryl Grennell on September 26, 2018; and Defendant City of Natchez on September 26, 2018. Defendants noticed the deposition of Plaintiff for September 24, 2018.

[3] Case deadlines can be modified only by order of the Court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record. *See* Case Management Order [11]; Fed. R. Civ. P. 16(b)(4); *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

**Defendants' Motion to Compel [31] and Plaintiff's Motion to Compel [33]**

On August 29, 2018, Defendants filed their Motion to Compel [31], arguing that Plaintiff failed to provide sufficient responses to multiple discovery requests. That same day, Plaintiff filed his Motion to Compel [33], arguing that Defendants failed to provide sufficient responses to two interrogatories. After reviewing the parties Motions [31] [33] and responses, the Court directed the parties to complete an in-person, good-faith conference to address the pending discovery disputes and file a joint report outlining what discovery disputes remain following the conference. *See* Order [36].[4]

During their conference, the parties resolved many of their disputes. As a result, Plaintiff's Motion to Compel [33] will be denied as moot. The parties, however, were unable to resolve all of their disputes. The remaining disputes involve two requests for production of documents propounded by Defendants.

Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweights it likely benefits.

Fed. R. Civ. P. 26(b)(1). This Rule also specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). At some point, however, discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute. Finding a just and appropriate balance in the discovery process is one of the key

---

[4] The Court determined that the parties had not conferred in good faith.

responsibilities of the Court, and "[i]t is well established that the scope of discovery is within the sound discretion of the trial court." *Freeman v. United States*, 566 F.3d 326, 341 (5th Cir. 2009).

*Request for Production No. 8*

> Request for Production No. 8: Please produce the executed Request for Copy of Tax Return attached to the Request for Production of Documents.
>
> Response: Plaintiff objects to Request No. 8 on the grounds it seeks information not relevant to the issues in this case, beyond the scope of discovery and not likely to lead to the discovery of admissible evidence.

In his Complaint [1], Plaintiff, a black male, alleges that Defendants fired him as the city attorney for Natchez, Mississippi, and hired Robert Latham, a white male, to replace him. Plaintiff asserts racial discrimination, conspiracy, breach of contract, slander, and libel claims against Defendants. Plaintiff asserts that he is entitled to compensatory damages and "[r]einstatement or front pay in lieu of reinstatement, back pay, lost benefits, and other pecuniary losses . . . ." *See* Complaint [1] at 7. Additionally, in his discovery responses Plaintiff states that he is "entitled to $240,000 which is 4 times the base salary of $60,000 paid by the City to Robert Latham plus the amounts which he has billed up to this point.." *See* Interrogatory Response [31-2] at 6-7.

Regarding Defendant's request seeking access to his tax returns, Plaintiff argues that the amount of money he earned or did not earn is of no consequence. According to Plaintiff, "[n]o matter how much money Plaintiff earned he would have earned an additional $60,000 plus additional hours billed but for the breach of his contract by Defendants." *See* Response [34] at 5.

However, Plaintiff has placed his financial picture in controversy and made it relevant to the claims and defenses in this action. For example, it is well established that in a breach of contract case, the injured party has a duty to "take reasonable steps to mitigate his damages, and his failure to do so prevents him from recovering for damages which could have been avoided through reasonable efforts." *See Buras v. Shell Oil Co.*, 666 F. Supp. 919, 924 (S.D. Miss. 1987)

4

(citing *Pelican Trucking Co. v. Rossetti*, 167 So. 2d 924, 927 (Miss. 1964); *Levy v. J.A. Olson Co.*, 115 So. 2d 296, 298 (Miss. 1959); 25 C.J.S. *Damages* § 33 (1966)); *see also* 22 Am.Jur.2d, *Damages* § 34 at 57 ("gains which were or could have been received by the nondefaulting party by entering into another contract or transaction should be used in reducing damages caused by a breach of contract promise only where the breach gave rise to an opportunity to enter into those other contracts or transactions").

Defendants are entitled to seek information regarding the opportunities available to Plaintiff following his termination and Plaintiff's efforts to mitigate damages. Considering the relevance of Plaintiff's tax returns and Defendants' need for this information, the Court will compel Plaintiff to execute requests for copies of tax returns. However, the Court finds that the request and authorization should be limited to Plaintiff's tax returns for the years of 2015 through 2017.

*Request for Production No. 10*

> Request for Production No. 10: Please execute the Authorizations attached to this Request for Production of Documents in regard to Plaintiff and return same to Defendant's counsel after the Authorizations have been properly notarized. These Authorizations should be signed by a legally authorized individual and accompanied by any and all documents evidencing such legal authority.
>
> Response: Plaintiff objects to signing a "Personnel Records Authorization" or an "Authorization for Release of Criminal and/or Criminal Release Records" on grounds that these authorizations are vague, confusing, overly broad in time and scope, seek information that is irrelevant to the issues in the case, beyond the scope of discovery and not likely to lead to the discovery on admissible evidence.

One of the authorizations at issue in this request allows any person or entity to release to Defendants Plaintiff's personnel records, including "all applications for employment, test results, dates of service, pay raises, salary, benefits, medical records, days absent/tardy, and reasons therefor, date of termination, reasons therefor, and correspondence and any and all other records, whether written, printed or typed, at any time made." *See* [31-1] at 14.

Plaintiff argues that the request for employment information is irrelevant and overly broad in scope and time. Regarding the relevance of this request, the Court notes that Plaintiff alleges that he is more qualified than the attorney hired to replace him. *See* Complaint [1] at 5-6. Some of the information requested may shed light on Plaintiff's qualification and is therefore relevant to Plaintiff's discrimination claim. However, this request is overly broad and out of proportion to the needs of this case and should be limited. Plaintiff shall execute an authorization seeking employment information such as applications for employment, test results, dates of service, pay raises, salary, days absent/tardy, reasons therefore, dates of termination, and reasons therefor from employers who employed Plaintiff from 2010 to the present. Defendants may not request from Plaintiff's employers benefit information, medical records, or "any and all other records."

The other authorization at issue in this request allows any law enforcement agency to release to Defendants any information regarding Plaintiff's "arrests, probation, parole and/or criminal records" from any time period. *See* [31-1] at 13. Plaintiff argues that the request for criminal record information is irrelevant and overly broad in scope and time. Evidence of a criminal conviction may be used, subject to certain limitations, to attack a witness's character for truthfulness. *See* Fed. R. Evid. 609. Additionally, evidence of a crime, wrong, or other act, may be admissible for certain limited purposes. *See* Fed. R. Evid. 404(b).

Although this request could lead to relevant information, it is overly broad and out of proportion to the needs of this case. Plaintiff need not execute the criminal record authorization. Instead, on or before September 21, 2018, Plaintiff shall identify any instance in which he was arrested, charged, and/or indicted for a criminal act, other than traffic offenses, from 2008 to the present. For each such arrest, charge, and/or indictment, Plaintiff shall provide (1) the date; (2) the state and county in which the arrest charge, and/or indictment occurred; (3) the nature of the

offense upon which the arrest, charge, and/or indictment was based; and (4) the disposition of the arrest, charge, and/or indictment.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Extend Deadlines [28] is DENIED as moot.

2. Plaintiff's Motion to Extend Deadlines [29] is GRANTED.

3. The discovery deadline is extended to September 26, 2018.

4. The deadline for motions (other than motions *in limine* or discovery motions) is extended to October 10, 2018.

5. The parties shall conduct the depositions as noticed by the parties, including the depositions of Plaintiff and Defendant Davis scheduled for September 24, 2018.

6. All other provisions and deadlines contained in the Case Management Order [11], including the obligation to complete private mediation or a settlement conference with the Court by the discovery deadline, remain in place.

7. Plaintiff's Motion to Compel [33] is DENIED as moot.

8. Defendants' Motion to Compel [31] is GRANTED in part and DENIED in part as set forth herein.

SO ORDERED this the 13th day of September, 2018.

> s/Michael T. Parker
> UNITED STATES MAGISTRATE JUDGE