IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EVERETTE SANDERS                                                                                   PLAINTIFF

VS.                                          CIVIL ACTION NO. 5:17-cv-99-KS-MTP

CITY OF NATCHEZ, MISSISSIPPI,
DARRYL GRENNELL, SARAH CARTER SMITH,
DAN DILLARD, AND BENJAMIN DAVIS

## AMENDED ORDER

BE IT REMEMBERED that on the 11th day of January 2019, this Court held a Pretrial Conference in the above-styled case. Following the Pretrial Conference, the Court allowed testimony and argument on two pending Motions:

1. Defendants' Motion in Limine [73] requesting the Court to prohibit Plaintiff from using the 2017 Federal tax return to show mitigation; and

2. Defendant's Motion for Contempt [75] requesting the Court to hold Plaintiff in contempt for failure to comply with two specific Court Orders that required him to furnish his 2017 tax return.

Plaintiff has responded, and the Court heard argument at the hearing, has reconsidered the authorities and the argument, and would like to clarify the Bench Opinion that was rendered at the January 11th hearing.

IT IS THEREOFRE ORDERED AND ADJUDGED as follows:

1. That prior to the hearing on January 11th, Plaintiff had not furnished to the Defendants a copy of his 2017 Federal Tax Return, and that there were two specific Court Orders directing that the return be furnished. The first was an Order from the Magistrate Judge requiring the return

to be produced [44], and the other was an Order from the undersigned that the return be furnished no later than November 19, 2018 [58]. The Plaintiff did furnish the required returns for 2015 and 2016, but as of the hearing on January 11th, all that had been furnished was a draft that had been furnished either the day before or the day of the hearing.

      2. The Court has considered the Motion for Contempt and has heard the multiple excuses, and while the Court would be justified in holding the Plaintiff in contempt for his failure to abide by the direct and specific Court Orders, the Court is giving the Plaintiff the benefit of the doubt and will not find him in contempt. However, the Court does find that the Plaintiff should be sanctioned in the amount of costs, fees, etc. that have been incurred by the Defendants in enforcing the issue of the tax return. Defendants are to furnish to the Court an itemization of all time and expenses involved in enforcing the issue of the production of the 2017 tax return, and the Court will consider the itemization. The Plaintiff will be allowed five (5) days to respond, and the Defendants will be allowed five (5) days to file rebuttal if desired. The Court will rule on the fees and expenses to be paid by Plaintiff and said fees and expenses will be due and payable five (5) days from the Court's Order.

      3. The Court finds that said sanctions should be imposed against the Plaintiff, Everette Sanders, and not his attorney.

      4. The Court takes under advisement the Motion in Limine and will rule on said motion after the Court has heard sufficient evidence during the trial of this case. Both sides are directed not to mention the 2017 tax return before the jury without first seeking the Court's permission and hearing argument outside the presence of the jury.

      SO ORDERED this 17th day of January 2019.

                                /s/ Keith Starrett
                                KEITH STARRETT
                                UNITED STATES DISTRICT JUDGE