IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**EVERETT SANDERS**                                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 5:17-cv-99-KS-MTP**

**CITY OF NATCHEZ, MISSISSIPPI,**
**ET AL.**                                                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on the parties' briefing on the Due Process and Equal Protection Claims [87, 90] and Plaintiff's Motion for Leave to Amend the Complaint [91] to which the Defendants have responded [92]. Plaintiff did not file a reply. Having reviewed the parties' submissions and the record in this matter, as well as the relevant case law, the Court finds that leave will be **denied**, and the Final Pretrial Order shall be amended accordingly.

**I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Everett Sanders was appointed City Attorney for the City of Natchez on July 1, 2016, but his appointment was rescinded by a vote of the Board of Alderman and the Mayor of Natchez on July 26, 2016 and he was not reappointed by the majority when a new vote was taken on August 9, 2016. Plaintiff filed suit on July 25, 2017 and pled four causes of action: Count I- Race Discrimination in violation of Title II and 42 U.S.C. § 1981; Count II- Conspiracy; Count III-Breach of Contract; and Count IV-Slander and Libel. [1].

On February 22, 2018, the Court entered a Case Management Order ("CMO") [11] that set the cause for trial during the February 4-22, 2019 trial term and set the following relevant deadlines: (1) to amend the pleadings and add parties—March 23, 2018; (2) to conduct

1

discovery—September 3, 2018; and (3) to file dispositive motions—September 17, 2018. Through a motion by Plaintiff, and pursuant to a teleconference with Magistrate Judge Michael Parker on August 28, 2018, the CMO was amended by subsequent Order [44] to allow for a new discovery deadline of September 26, 2018 and a new dispositive motion deadline of October 10, 2018. All other dates remained the same.

On October 10, 2018, the Defendants filed a Motion for Summary Judgment on all claims [51], which was almost seven months after the CMO's pleading-amendment deadline. In his response, Plaintiff asserted arguments (and requested summary judgment) under the Fourteenth Amendment based on the Due Process and Equal Protection clauses. [61] at p. 7-9. During the Pretrial Conference held on January 11, 2019, the Court inquired about these claims that did not appear to be pled in the Complaint and granted the parties ten (10) days to brief the issue of whether the claims were adequately pled and whether such claims had been addressed in discovery.[1] The parties have now submitted their briefs, and Plaintiff now also seeks leave to amend his Complaint to add one paragraph asserting a due process and equal protection claim [91].

## II. DISCUSSION

### A. Due Process and Equal Protection Claims

"Under the Federal Rules of Civil Procedure's requirement of notice pleading, defendants in all lawsuits must be given notice of the specific claims against them." *Anderson v. U.S. Dep't of Housing and Urban Dev't*, 554 F.3d 525, 528 (5th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2)). As the Supreme Court has noted, that while notice pleading does not require pleading specific facts, a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon

---

[1] On January 15, 2019, the Court granted summary judgment in favor of the Defendants on all claims except for the racial discrimination claim under 42 U.S.C. § 1981 against the City of Natchez. [85] The Court abstained from addressing the constitutional violations, noting that the parties would be submitting briefs on the issue. *Id.* at p. 21.

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading. *See Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 165–66 (5th Cir.1999).

The Court asked for briefing as to how these two claims are pled in the Complaint, such that Defendants were on proper notice of such claims. A plain review of the Complaint reveals that nowhere are the words "constitution[al]," "equal protection," "due process," or even "notice and an opportunity to be heard" to be found nor are there any facts alleging the conduct that appear to give rise to such claims. In his brief, Plaintiff concedes that a due process claim was not adequately plead and seeks leave to amend, which will be addressed *infra*.

However, Plaintiff asserts that his equal protection claim is proper because this Court recognized his "equal right" to make and enforce contracts, which is guaranteed under Section 1981 but must be brought through Section 1983. [90] at p. 2. Plaintiff argues that that same equal right is protected under the Fourteenth Amendment, which must also be brought under Section 1983. [90] at p. 2. If that were the case, then the claim is redundant and unnecessary. An equal protection claim and a Section 1981 claim are not one in the same but require separate burdens of proof.[2] Also, while it is true that Section 1983 is the vehicle through which a plaintiff must assert a constitutional claim,[3] Defendants are correct that Plaintiff's bringing a Section 1981 claim through Section 1983 does not open the door to now advance constitutional claims for alleged

---

[2] A Section 1981 claim requires the same proof as a Title VII claim to establish liability. *See Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003), whereas an Equal Protection claim generally is "concerned with governmental classifications that affect some groups of citizens differently than others." *Engquist v. Or. Dept. of Agric.*, 553 U.S. 591, 601 (2008). Even under the "class of one" exception, a plaintiff must allege that he or she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-565 (2000). None of this was pled in the Complaint in this case.

[3] *See Hunt v. Smith*, 67 F. Supp. 2d 675, 681 (E.D. Tex. 1999) (relying on *Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382-383 (5th Cir. 1980)).

equal protection and due process violations. [87] at p. 2. A passing reference to a statute does not provide a sufficient basis to assert an entirely new claim. *See Ishee v. Fannie Mae*, 641 Fed. App'x 438, 444 (5th Cir. 2016). Based on the foregoing, the Court finds that Plaintiff has failed to adequately plead these alleged constitutional violations.

We now turn to the discovery in the case. At the Pretrial Conference, the Court also requested that the parties address whether these alleged violations had been addressed through discovery, which closed on September 26, 2018. Plaintiffs have failed to submit any written discovery that addresses these claims, and boldly asserts, "Because Defendants do not contend that it [sic] has been denied discovery on Plaintiff's cause of action on his claim that he has been denied his equal right to make and enforce a contract, Defendants should not be heard to complain that those same facts have not given rise to a claim under the 14th Amendment Equal Protection Clause." [90] at p. 2.[4] As this Court has already stated, these claims are not one in the same, and discovery on the Section 1981 claim does not cover or address constitutional claims. *See Benavides v. EMC Mortg. Corp.*, No. 3-12-46, 2013 WL 416195, at *4 (S.D. Tex. Jan. 31, 2013) (refusing to consider new factual theory supporting previously pled cause of action).

The Defendants, on the other hand, have submitted all of Plaintiff's responses and supplemental responses to written discovery and there is no mention of any constitutional violations. As Defendants point out, in response to a prior Motion to Compel, Plaintiff characterized his case as one involving "the breach of a contract to perform legal services to

---

[4] Plaintiff later claims that "Defendants cannot contend that they were unaware that to discharge a public employee or a public official without notice, or an opportunity to be heard, without due process of law is actionable. Defendants are not entitled to discovery from the Plaintiff's [sic] on their [sic] contention." [90] at p. 3. Plaintiff shamelessly oversimplifies what constitutes a claim for violation of due process, seemingly arguing that it is axiomatic Plaintiff has a property interest in his continued employment. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985) (noting for analysis that a federal constitutional due process claim depends upon the plaintiff's having a property right in continued employment). Such may not be the case; regardless, it will not be addressed in this proceeding.

Defendants" and "a breach or deprivation of the right [to] contract by Plaintiff." [34] at p. 5. Accordingly, both the responses to discovery and the Plaintiff's various statements in submissions during discovery fail to show that either a due process or equal protection claim were at issue or being addressed through discovery. What is more, it is curious that Plaintiff has not submitted any of its discovery requests showing where Plaintiff sought discovery on these claims. Had Plaintiff truly intended to pursue such constitutional claims in his original Complaint, it stands to reason that he would have sought discovery on those theories. There is nothing before the Court to indicate that such discovery was ever requested.

Therefore, as it stands, the Court finds these claims are not properly before the Court; however, Plaintiff has also filed a Motion for Leave to Amend, which the Court will now address.

**B. Leave to Amend**

**1. Standard**

The CMO deadline for amending the pleadings was March 23, 2018. Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply . . . ." *Innova Hosp. San Antonio, Ltd. P'ship v. BlueCross and Blue Shield of GA Inc*., 892 F.3d 719, 734 (5th Cir. 2018) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). That Rule provides that provisions in scheduling orders, such as the deadline here, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).[5]

This "good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party seeking extension.'" *S.W. Enters*., 315

---

[5] Plaintiff fails to address Rule 16(b). It is, therefore, not surprising that the standard is quite unfavorable to him.

F.3d at 535 (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In the Fifth Circuit, good cause is considered under a four-part test. *Id*. at 536. The Court considers "(1) the explanation for failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1999)). Applying these factors, the Court "more carefully scrutinize[s] a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment." *Parish v. Frazier,* 195 F.3d 761, 764 (5th Cir. 1999). If a party shows good cause under rule 16(b), the court will grant amendment where justice so requires under Rule 15(a). *Squyres v. Heico Cos.*, L.L.C., 782 F.3d 224, 237 (5th Cir. 2015).

### 2. Analysis

#### a. The explanation for failure to timely move for leave to amend

First, Plaintiff provides no explanation for the late amendment. Neither in his Motion for Leave to Amend [91] nor in his memorandum in support [90] does Plaintiff state why these claims were not adequately pled and why it has taken him almost nine months to seek leave. It is beyond dispute that these constitutional claims did not come to the forefront until Defendants' motion for summary judgment was filed, which timing will be addressed below under the factor of prejudice. Without any viable explanation for not timely moving to amend, the first "good cause" factor weighs strongly against amendment.[6]

---

[6] Even considering Plaintiff's argument that pleading under Section 1983 was broad enough to encompass equal protection claim, Plaintiff's mistaken belief that he properly pled his case fails to establish good cause. *See Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (holding under former Rule 4(j) that "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice" to show good cause); *see also S&W Enters.*, 315 F.3d at 536 ("[I]nadvertence . . . is tantamount to no explanation at all.")

### b. The importance of the amendment

Plaintiff has failed to weigh in on these factors, but the Court finds that the amendment is not particularly important. Such is not the case here that by *not* allowing the amendment, Plaintiff will not have his day in court. Summary judgment was granted on all claims but the Section 1981 claim. Nevertheless, one claim remains. In addition, it does not appear that allowing these new claims will make any difference in the damages sought. When asked in discovery what damages Plaintiff seeks, there was no parsing of damages between claims except for his defamation claim.[7] [31-2] at p. 6 (#10); [87-1] at p. 3 (#10). Thus, it does not appear that Plaintiff would be deprived of his ability to recover the full amount he seeks in this action. Accordingly, the second factor also weighs against amendment.

### c. Potential prejudice in allowing the amendment

Despite Plaintiff's protestations to the contrary, allowing the amendment would clearly prejudice the City of Natchez.[8] Defendants worked up this case on the factual theories pled and timely moved for summary judgment at the close of discovery. Granting this motion ten months after the deadline—and after the close of discovery and motion practice—would require a complete reopening of the case, which has been pending for a year and a half. Contrary to Plaintiff's assertion that the Defendants do not need any further discovery, the proposed amended claims would add two new constitutional claims and perhaps a whole new round of dispositive motions. Waiting until responding to a motion for summary judgment to clearly assert these claims, when the facts giving rise to these claims have been known to Plaintiff since the Board of Aldermen's proceedings in July 2016, shows dereliction on Plaintiff's part, which is but one

---

[7] Plaintiff stated his damages were for a set amount, but added, "Also, Plaintiff is entitled to such amounts a jury would award for slander/libel." [31-2] at p. 7.
[8] All claims against all individual defendants have been disposed of on summary judgment; thus, the City of Natchez is the only remaining defendant.

example in long line of examples of dereliction and delay in this case.[9] As one authoritative commentator has noted, "[I]f the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial." 6 Wright & Miller, Federal Practice and Procedure § 1487 (3d ed. 1998). That is precisely the case here. Therefore, the third factor weighs against amendment as well.

### d. The availability of a continuance to cure such prejudice

Finally, as to the fourth factor, although continuing the trial date to allow for an amendment is certainly possible, it would not cure the prejudice to the Defendant. The deadlines would still need to be re-opened despite the filing of a largely successful summary judgment motion. *See Bennett v. Consol. Gravity Drainage Dist. No. 1*, 648 Fed. App'x 425, 429 (5th Cir. 2016) ("[A]llowing [plaintiff] to amend her complaint at this late stage would require the district court to reopen discovery and necessitate new dispositive motions. Thus, [defendant] would suffer prejudice in a manner that cannot be ameliorated by a continuance.").

Earlier in this matter, Plaintiff sought an extension of the CMO's September 3, 2018 discovery deadline when, as of August 28, 2018, Plaintiff had not conducted one deposition in the case. Magistrate Judge Parker rightfully considered the low priority that Plaintiff had given this case during the discovery period and noted so, and although granting a brief extension, he was careful not to disturb the trial date. [44] at p. 2. Now, at the eleventh hour, Plaintiff's request to

---

[9] There have been two Orders to Show Cause issued to Plaintiff for failure to make submissions as ordered. [9], [70]. The Court awarded the Defendants sanctions against Plaintiff for his failure to timely turn over 2017 tax returns although having been ordered twice to do so. [86]. Plaintiff has filed numerous motions seeking extensions of time. [56], [57], [59], [77], [78], [79] (given leave until 12:00 p.m. on 1/8/19 to respond to Motion in Limine, but response not filed until almost midnight), and [88]. While the Court does not dispute the exigent circumstances underlying each extension request, there seems to be a pattern of inability to respond in a timely manner and filing requests on the day responses are due in violation of Local Uniform Civil Rule 7(b)(4), for which Plaintiff was admonished. *See* Text Order dated 1/2/19.

amend without a proper showing of good cause would unnecessarily upset the proverbial apple cart. It is simply not warranted in this instance.

**III. CONCLUSION**

Based on the foregoing the Court finds that, under Fifth Circuit law, Plaintiff has failed to establish the requisite good cause for filing an amended pleading well beyond the CMO deadline. Therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend is **denied**. Because the constitutional violation claims under the Equal Protection and Due Process Clauses are not properly before this Court, it is FURTHER ORDERED that the parties revisit the Pretrial Order and eliminate all references to such claims, as well as all claims and theories of liability that were disposed of on summary judgment. The parties shall resubmit an agreed upon Pretrial Order via email submission on or before February 12, 2019. The case remains set for a jury trial commencing March 5, 2019.

SO ORDERED AND ADJUDGED this 7th day of February 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE