UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EVERETT SANDERS                                                           PLAINTIFF

V.                                                           CIVIL NO. 5:17-cv-99-KS-MTP

CITY OF NATCHEZ, ET AL.                                                   DEFENDANT

PRETRIAL ORDER

1.  Choose [by a ✓ mark] one of the following paragraphs, as is appropriate to the action:

*If a pretrial conference was held*

> A pretrial conference was held as follows:
>
> Date: __January 11, 2019__       Time: __10:00 a.m.__
>
> United States Courthouse at: __Natchez__, Mississippi,
>
> before the following judicial officer: __United States District Judge Keith Starrett__.

*If the pretrial conference was dispensed with by the court pursuant to L.U.Civ.R. 16(f)(2)*

> The final pretrial conference having been dispensed with by the judicial officer, the parties have conferred and agree upon the following terms of this pretrial order: (n/a)

2.  The following counsel appeared:

a.  For the Plaintiff:

| Name | Postal and Email Addresses | Telephone No. |
|---|---|---|
| Lydia Roberta Blackmon | P. O. Box 2146<br>Natchez, MS 39121-2146<br>blacklr@bellsouth.net | (662)834-0068 |
| Solomon C. Osborne | Osborne Law Office<br>P.O. Box 8175<br>Greenwood, MS | (662)453-9112 |

PD.25054387.1
PD.25388127.1

solomonosborne@mail.com

b.      For the Defendants:

| Name | Postal and Email Addresses | Telephone No. |
|---|---|---|
| W. Thomas Siler, Jr.<br>Nicholas F. Morisani | Phelps Dunbar, LLP<br>P.O. Box 16114<br>Jackson MS 39236<br>silert@phelps.com<br>Nick.Morisani@phelps.com | (601) 352-2300 |

3.      The pleadings are amended to conform to this pretrial order.

4.      The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed:

        Count 1: Race Discrimination in violation of 42 U.S.C. §1981 advanced against the City of Natchez.

5.      The basis for this court's jurisdiction is: federal question jurisdiction (28 U.S.C. § 1331) and supplemental jurisdiction (28 U.S.C. § 1367).

6.      The following jurisdictional question(s) remain(s) [If none, enter "None"]: None.

7.      The following motions remain pending [If none, enter "None"] [Note: Pending motions not noted here may be deemed moot]:

        [73] Defendants' Motion in Limine

8.      The parties accept the following **concise** summaries of the ultimate facts as claimed by:

     a.      **Plaintiff:**Plaintiff Everett Sanders was employed and sworn in as City Attorney for the City of Natchez on July 1, 2016, pursuant to a 3-2 vote with Alderman Davis abstaining. At the July 1, 2016 meeting, Robert Latham, a white male attorney was nominated but received only two votes. After Sanders was employed, Defendants engaged in a conspiracy to slander and libel Sanders and to remove Sanders from the position of City Attorney. On July 11, 2016, the City Clerk requested that the Mayor to provide her with certain documents to facilitate the granting of a contract to Sanders. The Mayor did not respond to the clerk's request. Sanders, in good faith, provided the Mayor with a proposed contract for his appointment. However, the Mayor never presented Sanders with an executed contract. Moreover, the City never paid Sanders for the work he performed through the month of July 2016. On July 26, 2016, during a regular meeting of the Mayor and Board of Aldermen, and in violation of the Ordinances of the

PD.25388127.1

City of Natchez and the rules governing the meetings of the Mayor and Board of Aldermen, Alderwoman Carter Smith moved, seconded by Alderman Davis, to rescind the vote on the position of City Attorney based on the interview process that was requested. After a lengthy discussion, a vote was taken on the motion with Defendants Smith, Dillard and Davis voting for the motion and the Mayor casting the tie-breaking vote in support of the motion.

Defendants initiated an interview process, purportedly, for the purpose of selecting a City Attorney, a process that Sanders participated in under protest since he believed that he was still City Attorney. On August 9, 2016, Sanders and Latham were again submitted for the position of City Attorney and the vote ended in a tie with Defendants Smith, Dillard and Davis voting for Latham and Defendant Grennell voting to break the tie.

Based on the actions of the Defendants, Sanders, the most qualified of the applicants, was not hired in favor a white male attorney. Defendants' actions constituted a breach of contract between Sanders and the City of Natchez and an unlawful discharge of Sanders.

      b.    **Defendant**: In June 2016, Defendant Mayor Darryl Grennell (African-American) was elected mayor of the City of Natchez ("the City") after garnering 93% of the vote. In the same election, three of the six members of the City's Board of Aldermen ("the Board") also were elected for the first time: Billie Joe Frazier (African-American), Felicia Bridgewater-Irving (African-American), and Defendant Benjamin Davis (African-American). The remaining three members of the Board, all incumbents, were Defendant Sarah Carter-Smith (white), Defendant Dan Dillard (white), and Joyce Arceneaux-Mathis (African-American).

With the onset of a new mayoral administration, a City Attorney needed to be appointed.Plaintiff Everett Sanders ("Sanders"), who is African American, claims to have expressed to Mayor Grennell his interest in being appointed City Attorney. Sanders had previously served as City Attorney from 2006 to 2012, but he believes that his previous appointment as City Attorney came to an end in 2012 because "the politics changed[,]" meaning that "the mayor changed[,] . . . the composition of the board of aldermen changed[,] and they selected someone else . . . ." Notwithstanding Sanders' interest in the position, Mayor Grennell made public his intent that Natchez attorney Robert "Bob" Latham (white) serve as City Attorney during his administration.

On July 1, 2016, the City's Board held an organizational meeting during which the new Board voted on the City Attorney position. Carter-Smith nominated Latham while Arceneaux-Mathis nominated Sanders. Sanders received three votes (Arceneaux-Mathis, Frazier, and Irving) while Latham received two (Carter-Smith and Dillard). Davis, attending his first meeting as an alderman, abstained from voting. Sanders thus received a majority of votes for the City Attorney position, and he was sworn in as City Attorney that day.

Prior to the July 26, 2016, Board meeting, Davis informed his fellow Aldermen that he abstained from voting for either Latham or Sanders on July 1 because he did not believe he had enough information about either candidate at that time and believed the Board should have interviewed the candidates before voting.

PD.25388127.1

At the July 26 meeting, Carter-Smith expressed her view that because of Davis' concerns, she believed the Board should permit interviews given the importance of the City Attorney position. In addition, neither Carter-Smith nor Dillard believed Sanders was the best choice for City Attorney, in part, because of his representation of the City during the Roundstone litigation, in which a default judgment was entered against the City after Sanders—who was City Attorney at the time—failed to file an answer on the City's behalf. Carter-Smith thus moved to rescind the July 1, 2016, vote which had made Sanders City Attorney. Davis seconded the motion, and Dillard joined Carter-Smith and Davis in voting to rescind. The vote was tied three-to-three, and Mayor Grennell cast the tie-breaking vote in favor of rescission. Sanders' appointment as City Attorney was rescinded.

Prior to the next regular Board meeting scheduled for August 9, 2016, the City advertised for the open City Attorney position, and the Board interviewed interested candidates—including Latham and Sanders—on July 29, 2016. At the August 9, 2016meeting, the Board discussed in executive session the City Attorney candidates, and Sanders and Latham were nominated for a vote. Arceneaux-Mathis, Frazier, and Irving again voted for Sanders. Carter-Smith, Dillard, and Davis voted for Latham. Mayor Grennell cast the tie-breaking vote for Latham. By a vote along the same lines, the Board then formally appointed Latham to serve as City Attorney.

9.     a.     The following facts are established by the pleadings, by stipulation, or by admission:

1. On July 1, 2016, Darryl Grennell ("Mayor Grennell") was sworn in as Mayor of the City of Natchez, Mississippi ("the City"). Mayor Grennell is African-American.

2. On July 1, 2016, Benjamin Davis was sworn in as an Alderman from Ward 5 of the City. Davis is African-American.

3. On July 1, 2016, Sarah Carter-Smith was Alderman from Ward 3 of the City. Carter-Smith is white.

4. On July 1, 2016, Dan Dillard was an Alderman from Ward 6 of the City. Dillard is white.

5. At the July 1, 2016, meeting of the City's Board of Aldermen ("Board"), Everett Sanders, who is African-American, and Robert Latham, who is white, were nominated to serve as City Attorney.

6. At the July 1, 2016, Board meeting, Everett Sanders was appointed as City Attorney by the Board after receiving 3 votes to Robert Latham's 2 votes, with Benjamin Davis abstaining from the vote.

7. During the Board's July 26, 2016 meeting, the Board voted 4 to 3 to rescind its

PD.25388127.1

appointment of Everett Sanders as City Attorney..

8. At the Board's July 26, 2016 meeting, the motion to rescind Everett Sanders' appointment as City Attorney was made by Sarah Carter-Smith, Benjamin Davis seconded the motion, Dan Dillard voted in favor of the motion, and Mayor Grennell cast the tie-breaking fourth vote in favor of rescission.

9. Of the four votes cast in favor of rescinding Everett Sanders' appointment as City Attorney, two of those votes were cast by African-Americans, including the tie-breaking vote.

10. During the Board's August 9, 2016 meeting, both Everett Sanders and Robert Latham were nominated for the City Attorney position, and Robert Latham was appointed City Attorney after receiving 4 votes while Everett Sanders received only 3 votes.

11. At the Board's August 9, 2016, meeting, Sarah Carter Smith, Dan Dillard, and Benjamin Davis each voted in favor of appointing Robert Latham, and Mayor Grennell cast the tie-breaking fourth vote in favor of appointing Latham.

12. Of the four votes cast in favor of appointing Robert Latham over Everett Sanders as City Attorney, two of those votes were cast by African-Americans, including the tie-breaking vote.

13. Everett Sanders is black, and thus, a member of a protected class.

14. Plaintiff Everett Sanders is not seeking damages for physical or mental injury or emotional distress.

b. The contested issues of fact are as follows:

1. Whether Defendant, the City of Natchez, Mississippi, is liable for race discrimination in violation of 42 U.S.C. § 1981 (Mixed question of law and fact).

2. Whether Plaintiff Everett Sanders is entitled to damages, and, if so, to what amount is he entitled? (Mixed question of law and fact).

3. Whether at the time of his appointment, and even now, Sanders had and has more experience in the position of City Attorney than any other applicant for the position.

4. Whether Defendants have ever stated a reason for Sanders' discharge before his discharge, at the time of his discharge, or for years after his discharge.

5. Whether Defendant Mayor Grennell campaigned on his intention to appoint a white attorney; Robert Latham, for the City Attorney position.

PD.25388127.1

6. WhetherDefendant Mayor Grennell, on the day of Sanders' appointment, publicly maligned Sanders and falsely asserted that Sanders was less qualified than the mayor's preferred white candidate, Robert Latham.

7. Whether any of the Defendants' alleged "legitimate non- discriminatory reasons" for discharging Sanders relate in any way to Sanders qualifications for the job or his job performance while performing tasks assigned to him by the City in July 2016.

8. Whether the votes of Defendants Grennell, Carter Smith and Dillard were the result of racial animus directed against Sanders.

9. Whether these Defendants' claims that Latham was the "best qualified" candidate for the position was the result of racial bias against Sanders.

10. Whether Carter Smith's activities in engineering a second vote after Sanders' discharge was the result of her own personal racial bias.

11. Whether Defendant Grennell's activities were the result of racial bias against Plaintiff.

12. Whether all of the defendants voting to rescind the appointment of Everett Sanders as City Attorney understood that they were effectuating the discharge of Everett Sanders as City Attorney.

13. Whether at the meeting, there was no discussion of any lack of qualifications or unsatisfactory job performance on the part of Sanders.

c. The contested issues of law are as follows:

1. Whether Defendants have articulated any legitimate non-discriminatory reason why Sanders was discharged.

2. Whether any alleged legitimate non-discriminatory reason which Defendants have attempted to articulate is legally sufficient so as to require Sanders to come forward with evidence of pretext.

3. Whether Plaintiff's evidence of pretext, if needed, is sufficient such that, when combined with Plaintiff's *prima facie* case, which defendants have conceded, the jury would be warranted in finding that the Plaintiff was discriminatorily discharged because of his race.

4. Whether the jury would be warranted in finding that Everett Sanders was clearly more qualified than Robert Latham considering that Sanders had much more experience in the job in question that Latham. And, that the disparity in such qualifications was sufficient to establish pretext.

PD.25388127.1

5. Whether the fact that Sanders was employed as City Attorney for twenty-five days and never received a contract from Defendant Darryl Grennell, while Latham received a contract the day following his appointment is such clear evidence of disparate treatment as to establish pretext, if so found by the jury.

6. Whether the jury could find that Defendant Carter-Smith's relentless, persistent, unswerving and obsessive efforts to remove Sanders from his position is sufficient evidence of pretext such that when combined with Plaintiff's *prima facie* case, which Defendants have conceded, would warrant the jury in finding that intentional racial discrimination occurred in Plaintiff's discharge.

**SEE MIXED QUESTIONS OF LAW AND FACT IN PREVIOUS SUBSECTION, 9.b.**

10. The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes only) to be offered in evidence by the parties. **Each exhibit has been marked for identification and examined by counsel.**

    a. To be offered by the Plaintiff:

| P-1 | July 1, 2016-Minutes of Mayor and Board of Alderman |
|---|---|
| P-2 | July 12, 2016-Minutes of Mayor and Board of Alderman |
| P-3 | July 26, 2016- Minutes of Mayor and Board of Alderman |
| P-4 | August 9, 2016- Minutes of Mayor and Board of Alderman |
| P-5 | Resume of Everett Sanders |
| P-6 | Resume of Robert Latham |
| P-7 | July 11, 2016 Memo from Brenda Canton to Mayor Darryl Grennell |
| P-8 | Memo of dated August 7, 2016 from City Clerk Melissa Hawk regarding Attorney's Budget |
| P-9 | Robert Latham contract dated August 9, 2016 |
| P-10 | Summary of the money paid Robert Latham dated September 25, 2018 |
| P-11 | Emails and attachments between Plaintiff and City regarding work assignments |
| P-11a | E-mail dated 7/5/16 from City to Plaintiff re: Recreation Commission agreement. |
| P-12 | Emails between Plaintiff and City Clerk re: Audrey Gordon (Water Works) lawsuit. |
| P-13 | E-mail dated 7/6/16 between City and Plaintiff re: notice form for meeting. |

PD.25388127.1

| P-14 | Portion of Audit for the City of Natchez ending year 2011. |
| P-15 | Portion of Audit for the City of Natchez ending year 2012 |
| P-16 | Portion of Audit for the City of Natchez ending year 2013. |
| P-17 | Portion of Audit for the City of Natchez ending year 2014. |

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

P-8: Relevance, 403, hearsay
P-10: Relevance, 403
P-11: Relevance, 403, hearsay, impermissible composite exhibit
P-11a: Insufficiently identified/unable to determine whether previously disclosed
P-12: Insufficiently identified/unable to determine whether previously disclosed
P-13: Insufficiently identified/unable to determine whether previously disclosed
P-14: Not previously disclosed, authenticity, relevance
P-15: Not previously disclosed, authenticity, relevance
P-16: Not previously disclosed, authenticity, relevance
P-17: Not previously disclosed, authenticity, relevance

    b.    To be offered by the Defendants:

| Exhibit | Description |
|---|---|
| D-1 | Excerpt from Natchez City Code re City Attorney Position (DEF-00001 to DEF-00006) |
| D-2 | Board of Alderman Meeting Minutes – July 1, 2016 meeting (DEF-00045 to DEF-00049 |
| D-3 | Board of Alderman Meeting Minutes – July 12, 2016 meeting (DEF-00050 to DEF-00064) |
| D-4 | Board of Alderman Meeting Minutes – July 26, 2016 meeting (DEF-00007 to DEF-00016) |
| D-5 | Notice of Call of Special Meeting (DEF-00017) |
| D-6 | Board of Alderman Meeting Minutes – August 9, 2016 meeting (DEF-00018 to DEF-00030) |
| D-7 | Correspondence and Resume of Christina F. Daugherty (DEF-00065 to DEF-00068 and DEF-00141 to DEF-00145) |
| D-8 | Correspondence and Resume of Lisa Chandler (DEF-00145 to DEF-00146) |
| D-9 | Correspondence and Resume of Jeremy P. Diamond (DEF-00147 to DEF-00150) |
| D-10 | Resume of Everett T. Sanders (DEF-00151 to DEF-00154) |

PD.25388127.1

| D-11 | Resume of Robert C. Latham (DEF-00155 to DEF-00157) |
|---|---|
| D-12 | July 11, 2016 Correspondence between Mayor Grennell and Brenda Cantu (DEF-00158) |
| D-13 | July 5, 2016 email from Mike Blattner with attached letter (DEF-00159 to DEF-00161) |
| D-14 | Excerpt from City of Natchez Personnel Policies and Procedures – Policy on Equal Opportunity (DEF-00169-A and DEF-00169) |
| D-15 | City Attorney Qualification Questionnaire (DEF-00172 to DEF-00173) |
| D-16 | Excerpt from Natchez City Charter (DEF-00174) |
| D-17 | Summons and Proof of Service – Roundstone Development, LLC v. The City of Natchez, MS et al., Adams County Circuit Court Case No. 09-CV-29 (DEF-00175 to DEF-00176) |
| D-18 | Plaintiff's Memorandum Brief in Support of Motion for Partial Summary Judgment on the Issue of Liability – Roundstone Development, LLC v. The City of Natchez, MS et al., Adams County Circuit Court Case No. 09-CV-29 (DEF-00179 to DEF-00195) |
| D-19 | Order – Roundstone Development, LLC v. The City of Natchez, MS et al., Adams County Circuit Court Case No. 09-CV-29 (DEF-00196) |
| D-20 | Plaintiffs' Omnibus Motion for Judgment By Default, Motion for Judgment on the Pleadings, Renewed Motion to Strike and Enter Judgment in favor of the Plaintiff, Renewed Motion for Summary Judgment, or in the alternative, Motion for an Order Waiving All Defenses and for Sanctions – Roundstone Development, LLC v. The City of Natchez, MS et al., Adams County Circuit Court Case No. 09-CV-29 (DEF-00197 to DEF-00208) |
| D-21 | Motion To Withdraw Admissions – Roundstone Development, LLC v. The City of Natchez, MS et al., Adams County Circuit Court Case No. 09-CV-29 (DEF-00209 to DEF-00210) |
| D-22 | Order Denying Defendants' Motion To Dismiss – Roundstone Development, LLC v. The City of Natchez, MS et al., Adams County Circuit Court Case No. 09-CV-29 (DEF-00211) |
| D-23 | Order Granting Plaintiff's Motion for Default Judgment and Judgment By Default – Roundstone Development, LLC v. The City of Natchez, MS et al., Adams County Circuit Court Case No. 09-CV-29 (DEF-00213 to DEF-00214) |
| D-24 | Order Denying Defendants' Motion to Withdraw Admissions – Roundstone Development, LLC v. The City of Natchez, MS et al., Adams County Circuit Court Case No. 09-CV-29 (DEF-00215 to DEF-00216) |
| D-25 | Order Denying Defendants' Motion to Reconsider and to Set Aside Its' Default Judgment and Order Denying Defendant's Motion to Dismiss and for Leave to File An Answer – Roundstone Development, LLC v. The City of Natchez, MS et al., Adams County Circuit Court Case No. 09-CV-29 (DEF-00217 to DEF-00218) |
| D-26 | Entry of Appearance – Roundstone Development, LLC v. The City of Natchez, MS et al., Adams County Circuit Court Case No. 09-CV-29 (DEF-00219 to DEF-00220) |
| D-27 | Natchez Democrat Newspaper Article dated July 2, 2016 (original on file with and in the custody of the Natchez Democrat) (DEF-00221 to DEF-00229) |

| | |
|---|---|
| D-28 | Natchez Democrat Newspaper Article dated July 3, 2016 (original on file with and in the custody of the Natchez Democrat) (DEF-00230 to DEF-00232) |
| D-29 | Natchez Democrat Newspaper Article dated July 30, 2016 (original on file with and in the custody of the Natchez Democrat) (DEF-00233 to DEF-00238) |
| D-30 | Natchez Democrat Newspaper Article dated August 10, 2016 (original on file with and in the custody of the Natchez Democrat) (DEF-00239 to DEF-00242) |
| D-31 | Contract between City of Natchez and Robert "Bob" Latham (DEF-00243 to DEF-00244) |
| D-32 | Equal Employment Opportunity Report – Black Employees of the City of Natchez in 2015 (DEF-00245 to DEF-00252) |
| D-33 | Equal Employment Opportunity Report – White Employees of the City of Natchez in 2015 (DEF-00253 to DEF-00258) |
| D-34 | Equal Employment Opportunity Report – Hispanic Employees of the City of Natchez in 2015 (DEF-00259) |
| D-35 | Equal Employment Opportunity Report – Black Employees of the City of Natchez in 2016 (DEF-00260 to DEF-00267) |
| D-36 | Equal Employment Opportunity Report – White Employees of the City of Natchez in 2016 (DEF-00268 to DEF-00273) |
| D-37 | Equal Employment Opportunity Report – Hispanic Employees of the City of Natchez in 2016 (DEF-00274) |
| D-38 | Equal Employment Opportunity Report – Black Employees of the City of Natchez in 2017 (DEF-00275 to DEF-00282) |
| D-39 | Equal Employment Opportunity Report – White Employees of the City of Natchez in 2017 (DEF-00283 to DEF-00288) |
| D-40 | Equal Employment Opportunity Report – Hispanic Employees of the City of Natchez in 2017 (DEF-00289) |
| D-41 | Plaintiff Everett Sanders' Tax Return – Tax Year 2015 |
| D-42 | Plaintiff Everett Sanders' Tax Return – Tax Year 2016 |
| D-43 | Plaintiff Everett Sanders' Tax Return – Tax Year 2017 |

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

Plaintiff objects to Defendants Exhibits:
        D-13-Relevance- Hearsay- FRE 403
        D-15-Relevance- Hearsay- FRE 403
        D-17-Relevance- Hearsay- FRE 403
        D-18-Relevance- Hearsay- FRE 403
        D-19-Relevance- Hearsay- FRE 403
        D-20-Relevance- Hearsay- FRE 403
        D-21-Relevance- Hearsay- FRE 403
        D-22-Relevance- Hearsay- FRE 403
        D-23-Relevance- Hearsay- FRE 403
        D-24-Relevance- Hearsay- FRE 403

        D-25-Relevance- Hearsay- FRE 403
        D-26-Relevance- Hearsay- FRE 403
        D-27-Relevance- Hearsay- FRE 403
        D-28-Relevance- Hearsay- FRE 403
        D-29-Relevance- Hearsay- FRE 403
        D-30-Relevance- Hearsay- FRE 403
        D-32-Relevance- Hearsay- FRE 403
        D-33-Relevance- Hearsay- FRE 403
        D-34-Relevance- Hearsay- FRE 403
        D-35-Relevance- Hearsay- FRE 403
        D-36-Relevance- Hearsay- FRE 403
        D-37-Relevance- Hearsay- FRE 403
        D-38-Relevance-Hearsay- FRE 403
        D-39-Relevance- Hearsay- FRE 403
        D-40-Relevance- Hearsay- FRE 403
        D-41-FRE 403 (prejudice)-Relevance
        D-42-FRE 403 (prejudice)-Relevance
        D-43-FRE 403 (prejudice)-Relevance

11. The following is a list and brief description of charts, graphs, models, schematic diagrams, and similar objects which will be used in opening statements or closing arguments, but which **will not** be offered in evidence:

    a. <u>By Plaintiff</u>: Plaintiff may use charts, graphs, tapes, or similar demonstrative aids to establish a chronology of events. Plaintiff also may use enlargement of all or part of any documents admitted into evidence and may utilize any technology available in the courtroom in which this matter will be heard. Plaintiff further may use multimedia presentations during opening and/or closing arguments.

    b. <u>By Defendant</u>: Defendant may use charts, graphs, tapes, or similar demonstrative aids to establish a chronology of events. Defendant also may use enlargement of all or part of any documents admitted into evidence and may utilize any technology available in the courtroom in which this matter will be heard. Defendant further may use multimedia presentations during opening and/or closing arguments.

Objections, if any, to use of the preceding objects are as follows:If any other objects are to be used by any party, such objects will be submitted to opposing counsel at least three business days before trial. If there is then any objection to use of the objects, the dispute will be submitted to the court at least one business day before trial.

12. The following is a list of witnesses Plaintiff anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **WILL CALL** witness

constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | Will/ May Call | [F]act/ [E]xpert [L]iability/ [D]amages | Business Address & Telephone Number |
|---|---|---|---|
| Everett T. Sanders | Will Call | F/L/D | 604 Franklins Street Natchez, MS 39120 (601) 445-5570 |
| Mayor Darrell Grennell | May Call | F/L | c/o Phelps Dunbar |
| Sarah Carter Smith | May Call | F/L | c/o Phelps Dunbar |
| Benjamin Davis | May Call | F/L | c/o Phelps Dunbar |
| Dan Dillard | May Call | F/L | c/o Phelps Dunbar |
| Joyce Arceneaux-Mathis | May Call | F/L/D | 925 N Union Street Natchez, MS 39120 |
| Temple Hendericks | May Call | F/L/D | 201 High Street Natchez, MS 39120 |

Plaintiff reserves the right to call as a witness any individual listed by the Defendant as a witness.

Will testify live:

Will testify by deposition:**None**.

State whether the entire deposition, or only portions, will be used. Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise). All controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial. All objections not submitted within that time are waived.

13. The following is a list of witnesses Defendant anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a WILL CALL witness

PD.25388127.1

constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | Will/ May Call | [F]act/ [E]xpert [L]iability/ [D]amages | Business Address & Telephone Number |
|---|---|---|---|
| Plaintiff | May Call | F/L/D | c/o Lydia Roberta Blackmon<br>P. O. Box 2146<br>Natchez, MS 39121-2146<br>(662)834-0068 |
| Mayor Darryl Grenell | May Call | F/L | c/o Phelps Dunbar |
| Sarah Carter-Smith | May Call | F/L | c/o Phelps Dunbar |
| Dan Dillard | May Call | F/L | c/o Phelps Dunbar |
| Benjamin Davis | May Call | F/L | c/o Phelps Dunbar |
| Robert "Bob" Latham | May Call | F/L | c/o Phelps Dunbar |
| Michael V. Corey, Jr. | May Call | F/L | Danks, Miller & Corey<br>P.O. Box 1759<br>Jackson, MS 39215<br>(601) 957-3101 |
| Scott F. Slover | May Call | F/L | Law Offices of Scott Slover<br>300 Franklin Street<br>Natchez, MS 39120<br>(601) 442-0075 |
| Hyde Carby | May Call | F/L | Carby&Carby, P.C.<br>P.O. Box 1047<br>Natchez, MS 39121<br>(601)445-5011 |

Defendant reserves the right to call as a witness any individual listed by Plaintiff as a witness.

Will testify by deposition: **None**.

PD.25388127.1

State whether the entire deposition, or only portions, will be used. Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve all controversies concerning **all** depositions (electronically recorded or otherwise). All controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial. All objections not submitted within that time are waived.

14. This (✓) ✓ is  is not a jury case.

15. Counsel suggests the following additional matters to aid in the disposition of this civil action:

16. Counsel estimates the length of the trial will be ___2-3___ days.

17. As stated in paragraph 1, this pretrial order has been formulated (a) at a pretrial conference before a judicial officer, notice of which was duly served on all parties, and at which the parties attended as stated above, or (b) the final pretrial conference having been dispensed with by the judicial officer, as a result of conferences between the parties. Reasonable opportunity has been afforded for corrections or additions prior to signing. This order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

ORDERED, this the ___19th___ day February, 2019.

_____  
UNITED STATES DISTRICT JUDGE

_____  
Attorney for Plaintiff

_____  
Attorney for Defendants

PD.25388127.1